IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roger Caplinger,            )
                            )
        Plaintiff,          ) Case No. 1:13-CV-347
                            )
    vs.                     )
                            )
Carolyn W. Colvin, Commissioner  )
of Social Security,         )
                            )
        Defendant.          )

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of August 12, 2014 (Doc. No. 15) and Plaintiff Roger Caplinger's objections to the Report and Recommendation.  Doc. No. 16.  In her Report and Recommendation, Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be affirmed.  Judge Bowman also recommended against remanding the case to the Commissioner pursuant to Sentence Six of 42 U.S.C. § 45(g) for consideration of Plaintiff's claim in light of new evidence.  Finding no error in Judge Bowman's analysis, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled is **AFFIRMED**.

I. Background

Plaintiff Roger Caplinger filed a claim for Supplemental Security Income based on a number of physical and mental impairments. The two issues relevant to Plaintiff's objections, however, concern only his mental impairments.

The ALJ determined that Plaintiff has severe mental impairments of bipolar disorder, borderline intellectual functioning, mood disorder not otherwise specified, anxiety disorder not otherwise specified, dependent personality features, antisocial personality disorder, and pedophilia. The ALJ found that Plaintiff's mental impairments do not meet Listing 12.05, 20 C.F.R. Pt. 404, Sub Pt. P, App. 1, for mental retardation. The ALJ concluded that Plaintiff has moderate impairments in social functioning and in concentration, persistence, and pace. Tr. 89-90. Relying principally on the opinions of the consultative examining psychologist, Dr. Griffiths, the ALJ determined that Plaintiff has the mental residual functional capacity to perform jobs that require the ability to understand, remember and carry out simple instructions and to perform simple tasks, that require only occasional interaction with supervisors, co-workers, and the general public, and that do not have production requirements. Tr. 90. During the evidentiary hearing, the vocational expert testified that a person with this mental residual functional capacity can perform jobs such as a janitor, dishwasher, and warehouse worker. The vocational expert also testified that these jobs exist in the national economy in significant numbers. Tr. 100-101. Because there are a significant number of jobs in the national economy that Plaintiff has the capacity to perform, the ALJ determined that he is not disabled under the Social Security regulations and denied his claim for Supplemental Security Income. Id.

About three months after the ALJ issued his written decision denying Plaintiff's claim, Plaintiff was given an IQ test in connection with his claim for state disability benefits. Tr. 1730-1732. This test found that Plaintiff has a Full Scale IQ of 54. Tr. 1731. Listing 12.05(B) compels a finding of disability if the claimant's Full Scale IQ is 59 or less. Plaintiff submitted this IQ test to the Appeals Council for consideration in conjunction with his request for review of the ALJ's decision. Tr. 1729. The Appeals Council, however, did not mention or discuss this IQ test in denying Plaintiff's request for review of the ALJ's decision. Tr. 2.

The Appeals Council's denial of Plaintiff's request to review the ALJ's decision made that decision the final decision of the Commissioner of Social Security. Plaintiff filed a timely complaint for judicial review of the ALJ's decision. As is relevant here, Plaintiff alleges that the ALJ's decision was not supported by substantial evidence because the ALJ's hypothetical to the vocational expert did not include all of his mental limitations. Plaintiff also argues that the new IQ test merits remand of the case to the ALJ pursuant to Sentence Six of 42 U.S.C. § 405(g) for further consideration of his claim.

In her Report and Recommendation, Magistrate Judge Bowman found that the ALJ's hypothetical to the vocational expert accurately captured Plaintiff's limitations in mental functioning because restricting him to performing simple jobs with simple instructions accounted for his moderate deficiencies in persistence, concentration, and pace. Judge Bowman also concluded that a Sentence Six remand would not be appropriate because Plaintiff conceded in his reply brief that the evidence of his post-

hearing IQ test was not "new" within the meaning of Sentence Six. Judge Bowman, therefore, recommended that the Court affirm the ALJ's decision.

Plaintiff filed timely objections to Judge Bowman's Report and Recommendation which are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

III. <u>Analysis</u>

A. <u>The ALJ's Hypothetical Question</u>

Plaintiff contends that the ALJ's decision was not supported by substantial evidence because his hypothetical question to the vocational expert did not include all of his mental limitations.  In particular, Plaintiff argues that the ALJ failed to include his limitations in concentration, persistence and pace.

Plaintiff is correct that the ALJ's hypothetical question to the vocational expert must describe the claimant in all significant and relevant respects.  <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1035-36 (6th Cir. 1994).  The ALJ, however, is only required to include in his hypothetical question those limitations he finds credible.  <u>Stanley v. Secretary of Health & Human Serv.</u>, 39 F.3d 115, 118-19 (6th Cir. 1994).

As already indicated, in developing Plaintiff's mental RFC, the ALJ gave "significant weight" to Dr. Griffiths' opinion in finding that Plaintiff has moderate limitations in concentration, persistence and pace.  Dr. Griffith provided a written, narrative report, Tr. 1643-1651, and completed a Medical Source Statement Of Ability To Do Work Related Activities (Mental) Form.  Tr. 1653-54.  In his written report, Dr. Griffiths stated that Plaintiff's emotional difficulties would possibly interfere with his ability to pay attention and concentrate over an extended time.  Tr. 1650.  Dr. Griffiths also wrote that the "easy fatigability and poor frustration tolerance that oftentimes accompanies depression may interfere with task persistence and pace to some extent."  <u>Id.</u>  In the Medical Source Statement, however, Dr. Griffiths indicated that Plaintiff is only mildly impaired in his ability to understand, remember and carry out simple instructions on a sustained basis, i.e., eight hours per day for five days a week.  Tr.

5

1653.  In further explanation of his answers on this form, Dr. Griffiths wrote that Plaintiff's "attention and concentration maybe [sic] negatively impacted by emotional problems[.]" Tr. 1654.

Read together, Dr. Griffith's opinions indicate that although he might have some difficulties, Plaintiff is able to understand, remember, and carry out simple instructions, and hence perform simple tasks, on a sustained basis.  Thus, in posing his hypothetical to the vocational expert, the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by limiting him to performing simple jobs with simple instructions.  The ALJ further accommodated Plaintiff's limitations in this area by eliminating jobs that have production requirements.  The ALJ's hypothetical, therefore, accurately portrayed Plaintiff's mental limitations.

This case is distinguishable from Ealy v. Commissioner of Social Sec., 594 F.3d 504 (6th Cir. 2010).  In that case, the Court held that the ALJ's "streamlined" hypothetical, which limited the claimant to performing simple, repetitive tasks, did not account for his limitations in pace, speed, and concentration because the ALJ failed to include the consulting psychologist's additional limitation that the claimant could only sustain concentration in two-hour segments.  Id. at 516.  Here, however, as Judge Bowman noted in her report, no medical source opinion placed any time-based restrictions on Plaintiff's ability to sustain concentration, persistence and pace.

Plaintiff's objections also suggest that the ALJ erred by not including as limitations findings from Dr. Griffiths that he had difficulty performing serial 7's and that his short-term auditory memory skills and visual motor coordination skills were in the deficient range.  Plaintiff also complains that the ALJ did not include as limitations a

6

notation by reviewing psychologist Dr. Lewin that he would be limited by who he can work with or live near because of his sexual offense.

These objections do not show that the ALJ's hypothetical was insufficient. Plaintiff cites no authority for the proposition that an ALJ is required to include the specific results of individual tests in his hypothetical question.  The tests and their results are tools that assist the psychologist in evaluating the claimant's mental functioning.  Dr. Griffiths presumably took into consideration Plaintiff's deficiencies in performing serial 7's, short-term auditory memory and visual motor coordination skills in formulating his opinions.  The Court notes, however, that the ALJ accommodated Plaintiff's deficiencies in visual motor skills by eliminating jobs with production rates.  Tr. 94.  Additionally, the ALJ specifically rejected suggestions that Plaintiff cannot work appropriately with women at all.  Tr. 97-98.  The ALJ also noted that Plaintiff's inability to interact with children was likely a condition of his release - in other words, that this is a legal limitation on his ability to perform certain jobs, not one necessarily imposed by his mental impairments.

In summary, the ALJ's hypothetical to the vocational expert accurately portrayed all of Plaintiff's relevant limitations.  Therefore, the ALJ's determination that Plaintiff has the mental RFC to perform several jobs available in significant numbers in the national economy was supported by substantial evidence.  Plaintiff's objections to Judge Bowman's resolution of this issue are not well-taken and are **OVERRULED.**

B. <u>Sentence Six Remand</u>

Plaintiff also contends that Judge Bowman erred by not recommending that this case be remanded to the Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g) for consideration of his claim in light of his new IQ test. Sentence Six states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g). In order to merit a Sentence Six remand, the claimant must establish that the evidence is "new" and "material" and that he has good cause for not presenting it to the ALJ at the time of evidentiary hearing. <u>Foster v. Halter</u>, 279 F.3d 348, 357 (6th Cir. 2001).

In this case, the Court agrees with Plaintiff that evidence of the IQ test is new since it was not in existence at the time of his evidentiary hearing. <u>See id.</u> The Court, nevertheless, agrees with the Commissioner that Plaintiff has failed to show good cause for not obtaining the IQ test results earlier. First, at the conclusion of the hearing, Plaintiff and his counsel failed to request the ALJ to leave the record open so he could present additional evidence. <u>Bass v. McMahon</u>, 499 F.3d 506, 513 (6th Cir. 2007) ("[P]laintiff's counsel did not seek to have the record remain open to submit the evidence here provided, which in and of itself shows a lack of good cause."). Second, although Plaintiff blames bureaucratic delays in his inability to obtain the test results earlier, he has not adequately explained why he waited until after the evidentiary

8

hearing closed to apply for Medicaid in order to obtain funding for his IQ test. Plaintiff first filed for Supplemental Security Income in December 2009 and he knew then that his mental condition was central to his claim. He certainly had ample time between 2009 and the November 2011 hearing date to initiate the Medicare and/or state disability claims process and to obtain independent IQ test results. In this regard, Foster is materially indistinguishable from this case. There, the Court held that the plaintiff failed to demonstrate good cause for not obtaining an IQ test in the eighteen months between the date the Appeals Council remanded the case to the ALJ to consider her mental impairments and the date the ALJ held a new evidentiary hearing. See 279 F.3d at 357; see also Brace v. Commissioner of Social Sec., 97 Fed. Appx. 589, 592 (6th Cir. 2004)(good cause not established where plaintiff delayed a year to schedule private medical tests needed to support his claim). Plaintiff in fact compares less favorably to the plaintiffs in Foster and Brace since he had almost two years to obtain private testing. Judge Bowman correctly determined that Plaintiff failed to show that a Sentence Six remand is warranted in this case.

## Conclusion

Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **AFFIRMED. THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date September 30, 2014                 s/Sandra S. Beckwith
                                                         Sandra S. Beckwith
                                       Senior United States District Judge